Eiohakdson, Ch. J.,
delivered the opinion of the court:
The decision in this case turns upon whether or not the act of February 9,1891, chapter 122, section 2, is retroactive.
"Be it enacted, <&e., That section twelve hundred and sixteen, Revised Statutes, be, and is hereby, amended to read:
“Sec. 1216. When any enlisted man of the Army shall have distinguished himself in the service, the President may, at the recommendation of the commanding officer of the regiment to which such enlisted man belongs, grant him a certificate of merit.’”
“ Sec. 2. Section twelve hundred and eighty-five, Revised Statutes, be, and is hereby, amended to read:
“Sec. 1286. ‘A certificate of merit granted to an enlisted man for distinguished service shall entitle him, from the date of such service, to additional pay, at the rate of two dollars per month while he is in the military service, although such service may not be continuous.’”
It is said in “Sutherland on Statutory Construction,” on the authority of many decisions there cited:
“As retrospective laws are generally unjust, and in many cases oppressive, they are not looked upon with favor. Statutes not remedial will therefore not be construed to operate retroactively, even when not obnoxious to any constitutional objection, unless the intent that they shall do so is plainly expressed or made to appear” (p. 600).
“Every case must, to considerable extent, depend on its own circumstances. General words in remedial statutes may be applied to past transactions and pending cases, according to all indications of legislative intent, and this may be greatly influenced by considerations of convenience, reasonableness, and justice” (p. 631).
For more than thirty years — from 1857 to 1890 — the Army Regulations have treated statutes of this kind as operating retroactively, and have provided that the extra pay of $2 per month granted on certificates of merit shall commence on the date of the service for which the certificate was granted. (Printed Regulations of 1857,1861,1863, 1881, and 1889.)
*421 Those Army Regulations, having been approved by Congress, are recognized as having the force of law (Smith’s Case, 23 C. Cls. R., 452). Even if they did not have the force of law they would present in this case a marked instance of uniform contemporaneous construction by the Executive, which is “entitled to great respect” (Edwards Leese v. Darby, 12 Wheaton, 206, 210), and is sometimes held to be conclusive. (United States v. Hill, 120 U. S. R., 169, 180.)
March 5,1890, the Regulations were amended by a “general order,” not approved by Congress, by which it was provided that “the extra pay of $2 per month granted on certificate of merit commences on the date the certificate is granted.”
Within a year thereafter, February 9, 1891, Congress came to the relief of the gallant soldiers, apparently for the purpose, among others, of reaffirming, by statute, the regulations and practice before March 5, 1890, and of abrogating the general order of that date, and enacted this provision, under which the present claim is made: “A certificate of merit granted to an enlisted man for distinguished service shall entitle him from the date of such service to additional pay at the rate of two dollars per month while he is in the military service, although such service may not be continuous.”
This is a remedial statute, and the indication of legislative intent that it should operate retroactively plainly appears from the course of legislation approving Army Regulations wherein such construction to previous acts of like provisions was made a rule, aided by consideration of reasonableness and justice.
No such consideration can be conceived why the extra monthly pay for distinguished service should begin to run from the time of service in some cases and not in others, depending upon the dates of different certificates.
The comptroller holds in this case that the act applies to the claimant’s certificate, granted before its passage, and entitles him to extra compensation from the date of the act, although before the amendment he could have received no extra allowance, because his service in the army had not been continuous, as provided by the former law. If the act applies to the certificate of the claimant at all, as we think it does, it applies according to the whole of its terms and entitles him to the additional pay from the date of his distinguished services.
By the act of 1891 Congress declared that section 1285 of *422 tbe Revised Statutes should read as provided in said act. This form of legislation — the giving a different reading to a prior act — is peculiar to Congress, so far as we have observed. It is reasonable to presume, from such phraseology, that the intention was that the latter act should be construed as having effect from the date of the prior act, as though such prior act had been originally so framed, as held by the Paymaster-General’s Office. (See Ludington’s Case, 15 C. Cls. R., 453.)
So far as such legislation, thus construed, affects the liability of the United States, and does not interfere with the vested rights of individuals and is not penal, it is within the constitutional power of Congress and is not obnoxious to the objections to retroactive laws, especially when such laws are remedial.
We hold that the act of 1891 is retroactive and entitles the claimant to recover the sum of $260, for which judgment will be entered in his favor.